IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nathaniel E. Nash, | ) | Case No. 6:20-cv-03727-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Syncreon America, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss and, in the Alternative, Motion for a More Definite Statement.  ECF No. 8.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").

Plaintiff, proceeding pro se, filed his Complaint in the Greenville County Court of Common Pleas on September 23, 2020.  ECF No. 1-1 at 2.  This action was removed on October 23, 2020, pursuant to diversity and federal question jurisdiction.  ECF No. 1.  On October 30, 2020, Defendant filed a Motion to Dismiss and, in the Alternative, Motion for a More Definite Statement.  ECF No. 8.  The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately.  ECF No. 10.  Despite this explanation, Plaintiff did not timely respond to the

motion.  The Magistrate Judge issued an order advising Plaintiff of the consequences if he failed to respond adequately and extending the time to answer until December 27, 2020.  ECF No. 16.  Plaintiff filed responses on December 9, 2020, and January 15, 2021.  ECF Nos. 19, 25.

On February 1, 2021, the Magistrate Judge granted Defendant's Motion for a More Definite Statement and held the Motion to Dismiss in abeyance.  ECF No. 29.  Plaintiff was directed to correct the identified deficiencies by filing an amended complaint by February 16, 2021.  *Id.* at 6–9.  Plaintiff was specifically warned that failure to file an amended complaint or cure the deficiencies would result in a recommendation that the Motion to Dismiss be granted and that the action be dismissed with prejudice.  *Id.*  The Magistrate Judge also determined that the complaint was subject to dismissal based on insufficient service of process and directed Plaintiff to file proof of appropriate service of the summons and Complaint or, alternatively, show good cause for his failure to properly serve Defendant by February 16, 2021.  *Id.*

Also on February 1, 2021, Plaintiff filed documents that included emails that he sent regarding the allegations made in the Complaint and asserting other arguments.  ECF No. 31.  On February 5, 2021, he filed another document moving to amend the Complaint to add new evidence and to "retitle" his Complaint as "wrongful termination.  ECF No. 32.  On February 8, 2021, the Magistrate Judge issued an order finding the Motion to Amend as moot because Plaintiff had been directed to file an amended complaint.  ECF No. 33.  The Magistrate Judge noted that Plaintiff had not received the

2

February 1, 2021, order at the time that he filed the Motion to Amend and reminded Plaintiff that he had until February 16, 2021, to comply with the prior order.  *Id.*

On February 11, 2021, Plaintiff filed a letter largely reiterating facts already alleged in his various other filings.  ECF No. 35.  On February 24, 2021, the Magistrate Judge issued a Report recommending that Defendant's Motion to Dismiss be granted and that this action be dismissed with prejudice and without leave to file a amended complaint.  ECF No. 37.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  Plaintiff filed objections to the Report, and Defendant filed a Reply.  ECF Nos. 40, 43.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo*

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Magistrate Judge provides a thorough recitation of the relevant facts and applicable law which the Court incorporates by reference.  As stated by the Magistrate Judge, it is difficult to understand the exact nature of Plaintiff's allegations; however, he seems to allege various violations related to his employment with Defendant.  In his objections, Plaintiff largely restates his previous allegations concerning safety violations and drug use/dealing at Defendant's facility.  ECF No. 40.  The undersigned notes that the objections do little to clarify the nature of Plaintiff's allegations; however, out of an abundance of caution for a pro se Plaintiff, the Court has reviewed the entirety of the record, the applicable law, and the Report de novo.[1]

The Magistrate Judge notes that it is unclear what Plaintiff's claims are.  It appears that Plaintiff was terminated from his employment with Defendant.  ECF No. 40 at 2.  However, as noted by the Magistrate Judge, Plaintiff fails to allege that he engaged in any protected activity or explain if or how his allegations are tied to any claim based on

---

[1] Plaintiff did not technically comply with the Magistrate Judge's order dated February 1, 2021, directing him to file an amended complaint. *See* ECF No. 29.  However, out of an abundance of caution for a pro se Plaintiff, the Magistrate Judge's analysis considered whether Plaintiff failed to state a claim construing his various documents filed after the entry of the February 1, 2021, order as an amended complaint.  ECF No. 37 at 4.  The undersigned will do likewise.

race or any other protected class or activity.[2] Plaintiff fails to specify any causes of action[3] against Defendant, identify any statutory basis for his claims, or identify how Defendant's actions were discriminatory or retaliatory, assuming that is what he intended to allege. Moreover, Plaintiff has failed to show proof of appropriate service of process or good cause for his failure to properly serve Defendant. See Fed. R. Civ. P 12(b)(5).

## CONCLUSION

Based on the forgoing and upon de novo review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge. Therefore, Defendant's Motion to Dismiss is **GRANTED** pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). This action is **DISMISSED** with prejudice and without leave for further amendment. See Workman v. Morrison Healthcare, 724 F. App'x 280 (4th Cir. 2018).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 28, 2021
Spartanburg, South Carolina

---

[2] In his objections, Plaintiff states that "95% of upper management is white in all 4 plants I worked in" and that "they know 87% of the employees up there are young black n[ai]ve children . . . ." ECF No. 40 at 1. He later identifies himself as a black man. Id. at 2. Plaintiff does not state how these facts relate to any claim for relief.

[3] In his objections, Plaintiff states without elaboration that he "was assaulted in that plant." ECF No. 40 at 2. Such a statement without more is insufficient to state a claim for relief. See Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009) ("[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim for relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570, (2007))).

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.